## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GRAVES GARRETT, LLC,** | ) | |
| 1100 Main Street, Suite 2700 | ) | |
| Kansas City, Missouri 64105 | ) | |
| (816) 256-3181 | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. 1:18-cv-2863 |
| | ) | |
| **UNITED STATES ENVIRONMENTAL** | ) | |
| **PROTECTION AGENCY,** | ) | |
| 1200 Pennsylvania Avenue, N.W. | ) | |
| Washington, D.C. 20460 | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief, seeking the disclosure and release of agency records.

2.      Plaintiff Graves Garrett, LLC ("Graves Garrett" or the "Firm") brings this action against Defendant United States Environmental Protection Agency ("EPA") to compel EPA to produce agency records that it has unlawfully refused to produce for more than eleven months.

## Parties

3.      Plaintiff Graves Garrett is a law firm located at 1100 Main Street, Suite 2700, Kansas City, MO 64105.

4.      Defendant EPA is an agency of the United States Government as defined by 5 U.S.C. § 552(f)(1). EPA has possession, custody, and control of records to which Graves Garrett seeks access. EPA is located at 1200 Pennsylvania Avenue, N.W. Washington, D.C. 20460.

## Jurisdiction and Venue

5.      The Court has subject matter jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6.      The Court has personal jurisdiction over EPA under 5 U.S.C. § 552(a)(4)(B).

7.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b).

## Allegations Common to All Counts

8.      On November 20, 2017, Plaintiff Graves Garrett submitted 45 FOIA requests to EPA under the signature of Graves Garrett employee J. Benton Hurst.

9.      EPA received these 45 requests on November 20, 2017.

10.     On November 22, 2017, Plaintiff Graves Garrett submitted one additional FOIA request to EPA under the signature of Graves Garrett employee J. Benton Hurst.

11.     EPA received this additional request on November 22, 2017.

12.     All 46 FOIA requests sought agency records related to the Ramazzini Institute and certain agency decisions.

13.     All 46 FOIA requests reasonably described the records sought by supplying terms to be run by search software.

I.     **EPA's Inadequate Search, Improper Withholding, and Failure to Issue a Final Determination in Response to the White Request**

14.     One of the Firm's requests (the "White Request") sought all correspondence, including text messages, to and from Roberta F. White that contained certain search terms from January 1, 2009, to the date of the agency's production. The EPA assigned this request tracking number EPA-HQ-2018-001971.

15.     On December 27, 2017, Mr. Earl Ingram of the EPA's Office of Pesticide Programs ("OPP") notified Graves Garrett that EPA had sent the White Request to the Office of the Administrator ("OA") for processing.

16.     Attorney-Advisor Victor Farren processed the White Request at OA.

17.     During his processing of the request, Mr. Farren informed Graves Garrett that EPA can search for responsive records only within identified accounts of employee records custodians within certain subagencies, rather than search for the relevant terms across all correspondence that EPA retains.

18.     In early May 2018, Mr. Farren informed the Firm that he believed that responsive records might be located elsewhere in EPA other than OA, in places the

agency had not yet searched. Mr. Farren speculated that OPP might possess responsive records.

19.     Graves Garrett has since learned that EPA does have the capability to search across accounts. For example, in response to Graves Garrett's appeal of the agency's response to another of the Firm's FOIA requests, the EPA Office of General Counsel informed the Firm that EPA intended to conduct a "new search using EPA's centralized search service."

20.     In another example, in a November 9, 2018, communication concerning another of the Firm's FOIA requests, the EPA Agency FOIA Officer informed the Firm that EPA does have the capability to search across all correspondence that the agency retains since February 2013.

21.     On information and belief, EPA unreasonably limited its search for records responsive to the White Request and failed to take reasonable steps to locate records where they were likely to be found.

22.     On May 29, 2018, OA wrote Graves Garrett to provide an interim response containing email from 2013 forward in time. *See* Letter from Elizabeth White to Graves Garrett (May 29, 2018), *attached as* Exhibit A. OA stated that it had adopted Microsoft Outlook in 2013 and had searched the Microsoft Outlook system for responsive correspondence. *Id.* It further stated that it was continuing to search for responsive records from Lotus Notes, the system it had used prior to 2013. *Id.*

23.     On May 29, 2018, EPA produced 152 post-2013 records in partial response to the White Request. It redacted certain information under claims that the information is exempt under 5 U.S.C. § 552(b)(5) and (b)(6).

24.     On June 11, 2018, Mr. Farren informed the Firm that personnel at OPP stated that "their group was not involved with the Ramazzini Institute" and that Mr. Farren should check with the Office of Research and Development ("ORD"). Email Correspondence between Victor Farren and Graves Garrett (June 11, 2018), *attached as* Exhibit B. Mr. Farren stated that he had begun coordinating with ORD and hoped to provide an update soon. *Id.*

25.     At the time of the May 29, 2018, interim production, EPA had not searched in either its ORD or OPP subagencies for responsive records.

26.     EPA has not produced any results of the search at ORD.

27.     The White Request expressly sought text and instant messages.

28.     The EPA did not and has not produced any text or instant messages in response to the White Request, nor did its May 29, 2018 letter reference or explain the absence of text and instant messages from its production.

29.     On information and belief, EPA did not search for text and instant messages responsive to the White Request.

30.     Though the White Request sought correspondence from 2009 forward, EPA has never produced any correspondence from the years it used Lotus Notes—the

years it excluded from its May 29, 2018 partial response, whether from OA or from any

other subagency of the EPA.

31.     On information and belief, the EPA retains responsive records from 2009

to the point in 2013 when it began using Microsoft Outlook.

32.     EPA has never relayed any final determination concerning records

responsive to the White Request from prior to the point in 2013 when it began using

Microsoft Outlook, nor has it conveyed any final determination as to any records from

any period located at any subagency other than OA. It has not informed Graves Garrett

of the scope of the documents that it intends to produce or withhold; it has not

informed Graves Garrett of its reasoning for withholding any documents; lastly, it has

not informed Graves Garrett of any right to administratively appeal any adverse

decision concerning those categories of records.

33.     Because EPA has failed to issue a final determination with respect to all

records retained outside of OA and all records dating prior to 2009, the Firm is deemed

to have exhausted its administrative remedies with respect to its request for those

records.

34.     On June 28, 2018, Graves Garrett appealed the EPA's May 29, 2018,

production of post-2013 emails from OA on the basis of inadequate search for records,

including text messages, and improper redaction of some of the 152 records produced.

White Request Appeal Letter, *attached as* Exhibit C.

35.     On June 29, 2018, the EPA acknowledged receipt of the Firm's appeal. Letter from Shirley Blair to Graves Garrett (June 29, 2018), *attached as* Exhibit D. The agency's decision was due on July 30, 2018.

36.     Graves Garrett has not received any appeal decision.

37.     Because EPA failed to respond to Graves Garrett's administrative appeal concerning its interim production of post-2013 emails from OA within twenty business days, the Firm is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. §552(a)(6)(C)(i).

## II.     EPA's Inadequate Searches in Response to the OPP Requests

38.     Forty-one of the Firm's requests sought correspondence that the EPA retained to and from certain individuals containing certain search terms.

39.     On December 20, 2017, Earl Ingram of EPA's Office of Pesticide Programs ("OPP") notified Graves Garrett that OPP would process these 41 requests (the "OPP Requests").

40.     The EPA assigned the following tracking numbers to the OPP Requests: EPA-HQ-2018-001976, EPA-HQ-2018-001977, EPA-HQ-2018-001978, EPA-HQ-2018-001981, EPA-HQ-2018-001984, EPA-HQ-2018-1985, EPA-HQ-2018-001986, EPA-HQ-2018-001988, EPA-HQ-2018-001989, EPA-HQ-2018-001990, EPA-HQ-2018-001991, EPA-HQ-2018-001993, EPA-HQ-2018-001994, EPA-HQ-2018-001995, EPA-HQ-2018-001996, EPA-HQ-2018-001997, EPA-HQ-2018-001998, EPA-HQ-2018-001999, EPA-HQ-2018-

002000, EPA-HQ-2018-002001, EPA-HQ-2018-002002, EPA-HQ-2018-002003, EPA-HQ-2018-002004, EPA-HQ-2018-002005, EPA-HQ-2018-002006, EPA-HQ-2018-002007, EPA-HQ-2018-002008, EPA-HQ-2018-002009, EPA-HQ-2018-002010, EPA-HQ-2018-2011, EPA-HQ-2018-002012, EPA-HQ-2018-002013, EPA-HQ-2018-002015, EPA-HQ-2018-002016, EPA-HQ-2018-002017, EPA-HQ-2018-002018, EPA-HQ-2018-002019, EPA-HQ-2018-002020, EPA-HQ-2018-002021, EPA-HQ-2018-002022, EPA-HQ-2018-0024.

41.     The agency combined the OPP Requests and processed them simultaneously under EPA tracking number EPA-HQ-2018-002024.

42.     On May 10, 2018, the EPA made its first production in response to the OPP Requests.

43.     On June 11, 2018, EPA sent a final response letter along with a second production of documents. Letter from Earl Ingram to Graves Garrett (June 11, 2018), *attached as* Exhibit E.

44.     The OPP Requests expressly sought text and instant messages.

45.     EPA did not and has not produced any text or instant messages, nor did its June 11, 2018, letter reference or explain the absence of text and instant messages from the production.

46.     On July 3, 2018, Graves Garrett appealed the agency's failure to search for text and instant message correspondence. OPP Request Appeal Letter (July 3, 2018), *attached as* Exhibit F.

47.     On July 27, 2018, the EPA acknowledged that it had received Graves Garrett's appeal on July 3, 2018. Letter from Shirley Blair to Graves Garrett (July 27, 2018), *attached as* Exhibit G. The agency's appeal decision was due on August 1, 2018.

48.     As of the date of this Complaint, Graves Garrett has not received any appeal decision from the EPA.

49.     Graves Garrett has exhausted its administrative remedies with respect to its challenges to the EPA's failure to search for responsive records. 5 U.S.C. §552(a)(6)(C)(i).

### III.     EPA Fails to Respond to the OA Requests

50.     On December 27, 2017, Mr. Ingram informed Graves Garrett that the EPA sent three other requests (the "OA Requests") to OA for processing. The EPA assigned these requests the tracking numbers EPA-HQ-2018-001970, EPA-HQ-2018-001973, and EPA-HQ-2018-001974.

51.     Attorney-Advisor Victor Farren processed the OA Requests.

52.     The EPA has never issued a final determination with respect to the OA Requests. It has not informed Graves Garrett of the scope of the documents that it intends to produce or withhold; it has not informed Graves Garrett of its reasoning for withholding any documents; lastly, it has not informed Graves Garrett of any right to administratively appeal any adverse decision.

53. Because OA failed to produce the requested records or determine whether to comply with the OA Requests within twenty business days, Graves Garrett is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## IV. EPA Has Failed to Issue a Final Determination in Response to the ORD Request

54. The Firm submitted one request (the "ORD Request") for correspondence to and from Vincent Cogliano containing certain search terms. The EPA assigned this request the tracking number EPA-HQ-2018-001917.

55. On February 12, 2018, FOIA Officer Crystal Samuels at the Office of Research and Development ("ORD") notified Graves Garrett that she was processing the ORD Request. Email Correspondence from Crystal Samuels to Graves Garrett (February to April 2018), *attached as* Exhibit H. Ms. Samuels stated that ORD was facing a backlog and asked Graves Garrett to narrow its request.

56. On February 12, 2018, Mr. Hurst replied, stating that the ORD Request was not overbroad and declining to narrow the request at that time. *Id.* Mr. Hurst informed Ms. Samuels that Graves Garrett would reconsider narrowing the ORD Request if the agency would provide an initial estimate of the number of responsive documents. *Id.*

57. On March 13, 2018, Ms. Samuels emailed Graves Garrett to inform the Firm that the EPA had performed a preliminary search and located "1646 hits and 1797

other items." She informed the Firm that she expected the final results back within 3-5 days.

58.     On April 25, 2018, Mr. Hurst emailed Ms. Samuels to request an update on processing of the ORD Request and when the agency would make its production. Ms. Samuels replied and notified that firm that there were "5,719 items to be reviewed." *Id*. Ms. Samuels stated that she could not provide a date for the agency's final response, but "should be able to provide a date in the near future."

59.     On June 8, 2018, Mr. Hurst wrote Ms. Samuels asking that the agency produce records responsive to the ORD Request on or before June 18, 2018, or provide the earliest date on which the agency could complete its production. Graves Garrett did not receive any response from Ms. Samuels.

60.     On June 20, 2018, Senior Advisor Christiane Routt emailed Mr. Hurst and informed him that she was now processing the ORD Request. Ms. Routt informed Graves Garrett—for the first time—that the agency would require a $75,000 fee, as well as $11,250 up front, to process and produce records responsive to the ORD Request. Email Correspondence from Christiane Routt to Graves Garrett (June to July 2018), *attached as* Exhibit I.

61.     On June 26, 2018, Graves Garrett attorneys Hurst and Hunkins spoke with Ms. Routt by phone and expressed the Firm's surprise that the agency was just then, seven months after receiving the ORD Request, asserting that it would require $75,000

to process the request. The Firm asked Ms. Routt to provide an explanation for the agency's calculation of that fee. *See* Email Correspondence from Graves Garrett to Christiane Routt (June 26, 2018), *attached as* Exhibit J.

62.     The EPA has never explained how it arrived at the $75,000 fee estimate.

63.     On July 3, 2018, Graves Garrett wrote Ms. Routt again to state that the $75,000 fee assessment was extreme, outrageous, and an effective denial of its right of access to public records. *See* Email Correspondence from Graves Garrett to Christiane Routt (July 3, 2018), Ex. I.

64.     On July 10, 2018, Ms. Routt emailed Mr. Hurst informing him that ORD would once again resume processing despite Graves Garrett's refusal to pay the $75,000 fee, stating "the fee issue is set aside as far as I am concerned—due to the complexity of working the search and narrowing of the request." *Id.*

65.     On July 17, 2018, Mr. Hurst responded that he was "glad to hear that the agency will not continue to delay processing of this request in an attempt to collect what we believe is a clearly unreasonable fee, especially in light of the agency's continued inability to explain how the estimated fee was calculated." *Id.*

66.     Neither Ms. Routt nor any other EPA agent has contacted the Firm concerning the ORD Request since July 10.

67.     EPA has never relayed any final determination concerning the ORD Request. It has not informed Graves Garrett of the scope of the documents that it

intends to produce or withhold; it has not informed Graves Garrett of its reasoning for withholding any documents; lastly, it has not informed Graves Garrett of any right to administratively appeal any adverse decision.

68.     Because EPA failed to produce the requested records or to finally determine whether to comply with the ORD Request within twenty business days, Graves Garrett is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## Count I
### Failure to Issue a Final Determination and Promptly Produce Records
### (5 U.S.C. § 552(a)(3)(A), (a)(6)(A))

69.     Graves Garrett incorporates by reference the allegations in all paragraphs of this Complaint as though fully set forth in this paragraph.

70.     Graves Garrett has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(A), to a final determination within twenty business days concerning the White, OA, and ORD Requests and prompt access to the records thereafter.

71.     More than twenty business days have passed since EPA received the OA and ORD Requests, and EPA has neither made a final determination nor produced any records in response to any of the requests.

72.     More than twenty business days have passed since EPA received the White Request, and EPA has neither made a final determination nor produced any records from any subagency other than OA, or from any period prior to 2013.

73.     EPA's failure to promptly produce records or make a final determination in response to the White, OA, and ORD Requests violates FOIA, specifically 5 U.S.C. § 552(a)(3)(A) and 5 U.S.C. § 552(a)(6)(A).

74.     Graves Garrett is being irreparably harmed by EPA's failure to promptly produce records as required by FOIA, and Graves Garrett will continue to be irreparably harmed unless EPA is compelled to comply with FOIA.

75.     Graves Garrett is entitled to injunctive relief compelling EPA to produce all records in its possession responsive to the White, OA, and ORD Requests, without fees, subject only to legitimate withholdings.

76.     Because of EPA's failure to issue a determination within twenty business days and failure to promptly produce the records requested, Graves Garrett has incurred and will continue to incur substantial attorneys' fees and costs.

77.     Graves Garrett is statutorily entitled to recover fees and costs incurred as a result of EPA's failure to complete the White, OA, and ORD Requests at issue in this case.

78.     Graves Garrett asks the Court to order EPA to pay reasonable attorney fees and other litigation costs incurred in this case.

**Count II**
**Failure to Conduct an Adequate Search for Responsive Records**
**(5 U.S.C. § 552(a)(4)(B))**

79.     Graves Garrett incorporates by reference the allegations in all paragraphs of this Complaint as though fully set forth in this paragraph.

80.     Graves Garrett is entitled to a search reasonably calculated to uncover all relevant documents. An inadequate search for records constitutes an improper withholding under FOIA.

81.     All the White, OA, and ORD Requests sought correspondence that the agency retains to and from certain individuals containing certain search terms.

82.     On information and belief, EPA retains correspondence to and from these individuals containing the search terms provided.

83.     On information and belief, the EPA has unreasonably limited its searches in all cases to certain custodians' accounts within certain subagencies.

84.     As a result, the EPA has failed to search for records where they are likely to be found and effectively denied Graves Garrett access to those records.

85.     All the White, OPP, OA, and ORD Requests sought text and instant messages responsive to certain search terms.

86.     Though EPA has produced records in response to certain requests, it has not produced any text or instant messages.

87.     On information and belief, EPA retains text and instant messages responsive to the White, OPP, OA, and ORD Requests but has not searched for text or instant messages responsive to the White, OPP, OA, and ORD Requests.

88.     EPA's failure to conduct adequate searches violates FOIA as an unlawful withholding under 5 U.S.C. § 552(a)(4)(B).

89.     Graves Garrett is being irreparably harmed by EPA's failure to adequately search for and produce records as required by FOIA, and Graves Garrett will continue to be irreparably harmed unless EPA is compelled to comply with FOIA.

90.     Graves Garrett is entitled to injunctive relief compelling EPA to conduct adequate searches and produce all records in its possession responsive to the White, OPP, OA, and ORD Requests, without fees, subject only to legitimate withholdings.

91.     Because of EPA's failure to conduct adequate searches and produce all records in its possession responsive to the White, OPP, OA, and ORD Requests, Graves Garrett has incurred and will continue to incur substantial attorneys' fees and costs.

92.     Graves Garrett is statutorily entitled to recover fees and costs incurred as a result of EPA's failure to complete the White, OPP, OA, and ORD Requests at issue in this case.

93.     Graves Garrett asks the Court to order Defendant to pay reasonable attorney fees and other litigation costs incurred in this case.

**<u>Count III</u>**
**Improperly Claimed Exemptions**
**(5. U.S.C. § 552(a)(4)(B))**

94.     Graves Garrett incorporates by reference the allegations in all paragraphs of this Complaint as though fully set forth in this paragraph.

95.     From its production in response to the White Requests, EPA redacted information from 47 pages, improperly citing exemptions under 5 U.S.C. § 552(b)(5).

96.     On information and belief, some or all of the information withheld does not qualify for the exemption claimed.

97.     On information and belief, EPA has withheld improperly withheld information in violation of 5 U.S.C. § 552(a)(4)(B).

98.     Graves Garrett is being irreparably harmed by EPA's improper withholding of records in violation of FOIA, and Graves Garrett will continue to be irreparably harmed unless EPA is compelled to comply with FOIA.

99.     Graves Garrett is entitled to injunctive relief compelling EPA to produce all records in its possession responsive to the White Request, without fees, subject only to legitimate withholdings.

100.    Because of EPA's improper withholdings, Graves Garrett has incurred and will continue to incur substantial yet reasonable attorneys' fees and costs.

101.    Graves Garrett is statutorily entitled to recover fees and costs incurred as a result of EPA's failure to lawfully complete the White Request at issue in this case.

102.    Graves Garrett asks the Court to order Defendant to pay reasonable attorney fees and other litigation costs incurred in this case.

**Count IV**
**Costs and Fees**
**(5 U.S.C. § 552(a)(4)(E))**

103.    Graves Garrett incorporates by reference the allegations in all paragraphs of this Complaint as though fully set forth in this paragraph.

104.    Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorneys' fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

105.    EPA's failure to produce records violates FOIA, specifically 5 U.S.C. § 552(a)(3)(A), 5 U.S.C. § 552(a)(6)(A), and 5 U.S.C. § 552(a)(4)(B).

106.    Because of EPA's failure to comply with FOIA, Graves Garrett has incurred and will continue to incur substantial attorneys' fees and costs.

107.    Graves Garrett is statutorily entitled to recover fees and costs incurred as a result of EPA's failure to complete the White, OPP, OA, and ORD Requests at issue in this case.

108.    Graves Garrett asks the Court to order Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

**Prayer for Relief**

WHEREFORE, Graves Garrett respectfully requests the Court enter judgment against Defendant EPA and in favor of Graves Garrett and enjoin EPA to:

a.  Declare that EPA deprived Graves Garrett of its statutory rights of access to public records under FOIA, 5 U.S.C. § 552(a)(3)(A);

b.  Declare that documents specifically described in the White, OPP, OA, and ORD Requests are subject to release under FOIA;

c.  Enjoin EPA to conduct a search for any and all records responsive to the White, OPP, OA, and ORD Requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the White, OPP, OA, and ORD Requests;

d.  Enjoin EPA to produce, by a date certain, a report that sets forth a schedule for providing the responsive documents to Graves Garrett that they requested in the White, OPP, OA, and ORD Requests, subject only to legitimate withholdings;

e.  Enjoin EPA to produce, by a date certain, any and all non-exempt records responsive to the White, OPP, OA, and ORD Requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

f.  Enjoin EPA to consult with Graves Garrett regarding withheld documents and file a status report to the Court within thirty days after Graves Garrett

receives the last of the produced documents, addressing EPA's preparation of a *Vaughn* index and a briefing schedule for resolution of remaining issues associated with Graves Garrett's challenges to EPA's withholdings and any other remaining issues; and

g. Enjoin EPA from assessing or seeking costs and fees for responding to the White, OPP, OA, and ORD Requests;

h. Grant Graves Garrett an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

i. Grant such other relief as the Court may deem just and proper.

Dated: November 19, 2018                    Respectfully Submitted,

                                            **GRAVES GARRETT, LLC**

                                            */s/ Edward D. Greim*
                                            Edward D. Greim (D.D.C. Bar #MO008)
                                            1100 Main Street, Suite 2700
                                            Kansas City, Missouri 64105
                                            Tel: (816) 256-3181
                                            Fax: (816) 256-5958
                                            edgreim@gravesgarrett.com

                                            *Attorney for Plaintiff*